ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SUAREZ CORPORATION INDUSTRIES, | ) | CASE NO.  5:04CV1164 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| RODNEY NAPIER, et al., | ) | [RESOLVING DOC. 85] |
| | ) | |
| Defendants. | ) | |
| | ) | |

On July 14, 2005, this Court denied Anthony R. Martin's motion to open sealed portions of the Court file. Marginal Entry Order (Doc. 78).  The Court also denied as moot Anthony R. Martin's motion to be heard by telephone in any hearings/proceedings. Marginal Entry Order (Doc. 79).

This action is presently before the Court upon Anthony R. Martin's motion for reconsideration of denial of access and to vacate order *pendente lite* or, in the alternative, to extend the time for filing an appeal (Doc. 85), filed on August 8, 2005.

As District Judge Katz stated in *Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995),

> Motions for reconsideration are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In Re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D. Ind. 1994).  As such, motions for reconsideration are granted "very sparingly." *Bakari v. Beyer*, 870 F.Supp. 85, 88 (D. N.J. 1994)[, rev'd w/o opinion, 82 F.3d 404 (3rd Cir. 1996) (table)].  Generally, there are three major situations which justify a court reconsidering one of its orders: "(1) an intervening change in controlling law; (2) the availability of new evidence;  and (3) the need to correct clear error or to prevent manifest injustice." *Bermingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 856 (D. N.J. 1992), *aff'd*, 37 F.3d 1485 (3rd Cir. 1993).

> Motions for reconsideration are not substitutes for appeal nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings. *Karr v. Castle*, 768 F.Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom.* 22 F.3d 303 (3rd Cir. 1994), *cert. denied sub nom.*, [513] U.S. [1084], 115 S.Ct. 739, 130 L.Ed.2d 641 (1995). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database America, Inc., v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1216, 1220 (D. N.J. 1993), citing *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990).

Since the movant has neither pointed to a change in the controlling law, nor presented new evidence not previously available, his motion for reconsideration apparently seeks to remedy a clear legal error, or to prevent an obvious injustice. However, the movant asserts nothing new that was not already presented to the Court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995) (a motion to reconsider should not be granted where the moving party seeks only to relitigate an issue already decided); *Torre v. Federated Mutual Insurance Co.*, 906 F.Supp. 616, 618 (D. Kan. 1995) ("A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected."), *aff'd*, 124 F.3d 218 (10th Cir. 1997) (table). Accordingly,

Anthony R. Martin's motion for reconsideration of denial of access and to vacate order *pendente lite* is DENIED; and the alternate motion to extend the time for filing an appeal is DENIED AS MOOT.

IT IS SO ORDERED.

  August 9, 2005                             /s/ John R. Adams
Date                                      John R. Adams
                                          U.S. District Judge